UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KAREEM S. PERRY,

                              Plaintiff,

     -v.-                                        9:07-CV-1245
                                                                 (GLS)(DRH)

BRIAN S. FISCHER, Commissioner, Department
of Correction Services and ROBERT K. WOODS,
Superintendent, Upstate Correctional Facility,

                              Defendants.

---

APPEARANCES:

KAREEM S. PERRY
Plaintiff, *pro se*
93-A-5130
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

GARY L. SHARPE, U.S. District Judge

**DECISION and ORDER**

       The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, filed by plaintiff Kareem S. Perry, who is currently incarcerated at Upstate Correctional Facility. Dkt. Nos. 1, 2. Perry has also filed a motion for injunctive relief. Dkt. No. 4.

**I.    Complaint**

       In his *pro se* complaint, Perry alleges that defendants have failed to protect him from known harm in violation of his constitutional rights. Dkt. No. 1 at 7-13. For a more complete statement of Perry's claims, refer to the complaint.

**II.     *In Forma Pauperis* Application**

As to Perry's *in forma pauperis* application (Dkt. No. 2), the Court finds that Perry may properly proceed with this matter *in forma pauperis*.

**III.    Injunctive Relief**

In support of his motion for injunctive relief, Perry alleges that his life is in danger because he previously worked as an informant for the Department of Investigations, "which became public knowledge." Dkt. No. 4-2 at 1-2. Perry also alleges that "he has been subjected to a series of inmate assaults." Dkt. No. 4-3 at 2. Perry seeks a Court order directing the defendants to place Perry in protective custody. Dkt. No. 4.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id.* at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

(a) Irreparable harm

Irreparable harm is "'the single most important prerequisite for the issuance of a preliminary injunction.'" *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir.1983) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal

Practice & Procedure, § 2948 at 431 (1st ed.1973)).  "[T]he moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir.1990).  "The movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir.1995) (other citations omitted).  "In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied."   *See JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 80 (2d Cir.1990); Sierra Club v. Hennessy*, 695 F.2d 643, 647 (2d Cir.1982).

In this case, Perry alleges that he has in the past been the victim of inmate assaults and alleges that, unless placed in protective custody, he will face future assaults.  Perry relies upon speculation to assert that he will be subjected to future assaults.  "The irreparable harm necessary to support injunctive relief must be 'actual and imminent,' not 'remote [or] speculative.'"  *Young-Flynn v. Wright*, No. 05 Civ. 1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007) (citing *Forest City Daly Hous., Inc. v. Town of N. Hempstead,* 175 F.3d 144, 153 (2d Cir.1999)."  Allegations of future injury without more do not establish a real threat of injury. *Gibson v. Walker*, 95-CV-1649, (N.D.N.Y. December 7, 1995) (DiBianco, M.J.) (citing *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238 (S.D.N.Y. June 27, 1994)).  Perry has failed to establish irreparable harm.

 (b) Likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the plaintiff.

A party is also not entitled to injunctive relief unless there is also **proof** of a likelihood of succeeding on the merits of a claim, or **evidence** that establishes sufficiently

3

serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino*, 967 F.2d at 77. In the present case, Perry has submitted his own affidavit containing his request for injunctive relief and the reasons why he believes his request should be granted. Perry claims to have attached an exhibit for *in camera* review in support of his request for protective custody. Dkt. No. 4-3 at 8. No such document was submitted with his request. The only items attached in support of his request for protective custody include a letter from Perry to Superintendent Burge dated July 6, 2006 asking to be removed from Burge's facility[1] because Perry "received word that there is a plot to cocktail his cell" (Dkt. No. 4-3 at 10); a memorandum from CC T. Mootz to Deputy Superintendent Henderson of Elmira Correctional Facility, denying Perry's request for protective custody because Perry "was unable to identify anyone who threatened him or those who allegedly tried to cut him." (*Id.* at 11). Plaintiff also includes a series of documents from Upstate Correctional Facility including a Use of Force Report wherein correctional officers at Upstate explain their need to use force against and restrain Perry while escorting him to his cell on December 18, 2006. Dkt. No. 4-3 at 16. The report states that "[i]nmate has injuries due to 'cell fight' on December 17, 2006. Denies any new injuries or 'over excessive' force." *Id.* at 17.

    Perry has failed to submit proof or evidence which meets this standard. In fact, although incidents at Elmira are not in issue in this action, the letter to Deputy Superintendent Henderson of Elmira Correctional Facility actually supports the proposition that Perry is not in danger. Accordingly, Perry's request for injunctive relief is denied.

---

[1] Burge is currently the Superintendent at Auburn Correctional Facility.

WHEREFORE, it is hereby

ORDERED, that Perry's *in forma pauperis* application is **GRANTED**.[2] The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the defendants.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order, and it is further

ORDERED, that the Clerk provide the Superintendent of the facility, designated by Perry as his current location, with a copy of Perry's authorization form, and notify the official that this action has been filed and that Perry is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Perry's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that a response to Perry's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants, and it is further

ORDERED, that Perry's motion for injunctive relief (Dkt. No. 4) is **DENIED**, and it is further

ORDERED, that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper**

---

[2] Perry should note that although the application to proceed *in forma pauperis* has been granted, Perry will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.**  Perry must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Perry is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do this will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

     ORDERED, that the Clerk serve a copy of this Order on the Perry in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:    January 23, 2008

                                                    Gary L. Sharpe
                                                    U.S. District Judge